IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America | : | Case No. 1:08-cr-065 |
| | : | |
| | : | Chief Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER DENYING |
| | : | DEFENDANT'S MOTION FOR |
| Joseph Hopewell, | : | RECONSIDERATION OF THE |
| | : | COURT'S ORDER GRANTING |
| Defendant. | : | IN PART AND DENYING IN |
| | : | PART DEFENDANT'S |
| | : | AMENDED MOTION TO |
| | : | SUPPRESS |

This matter comes before the Court on Defendant Joseph Hopewell's Motion for Reconsideration (doc. 68) of the Court's Order Granting in Part and Denying in Part Defendant's Amended Motion to Suppress (doc. 60). In particular, Defendant asks this Court to reconsider its decision that although the affidavit submitted in support of a warrant to search Hopewell's residence was likely insufficient to establish probable cause, the evidence found during the search of Hopewell's residence is admissible because the officers were entitled to rely on the warrant in good faith. Specifically, the Court found that the affidavit was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Defendant now argues, based on United States v. Laughton, 409 F.3d 744 (6th Cir. 2005), that the affidavit was lacking in indicia of probable cause that the good faith exception to the

exclusionary rule should not apply because the affidavit did not establish a nexus between the residence to be searched and the alleged criminal activity. (Doc. 68 at 2.)

The Government opposes Defendant's motion on the basis that Laughton is factually distinguishable. The Government also relies upon the law of the case doctrine, which "generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." United States v. Graham, 327 F3d. 460, 464 (6th Cir. 2003). In other words, "[o]nce a court has decided an issue, its decision should generally be given effect throughout the litigation." Id. (citing United States v. Todd, 920 F.2d 399, 403 (6th Cir. 1990)).

The Federal Rules of Criminal Procedure make no provision for a motion to reconsider. "[C]ourts adjudicating such motions in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." United States v. Jarnigan, No. 3:08-CR-7, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008) (citing United States v. Titterington, No. CR 2-20165, 2003 WL 23924932, at *1 (W.D. Tenn. May 22, 2003); United States v. Sims, 252 F. Supp. 2d 1255, 1260-61 (D.N.M. 2003); and United States v. Thompson, 125 F. Supp. 2d 1297, 1300 (D. Kan. 2000)). In civil cases, motions for reconsideration may be made for one of four reasons: (1) to accommodate an intervening change in controlling law; (2) to account for newly discovered evidence; (3) to correct a clear error of law; or (4) to prevent manifest injustice. See id.; GenCorp, Inc. v. American Int'l Underwriters, 178 F.3d 804 (6th Cir. 1999). In this case, there is no intervening change in controlling law. Defendants have submitted no new evidence. Nor does the Court find, for reasons stated below, that reconsideration is necessary to correct a clear error or to prevent manifest injustice.

In Laughton, officers arranged to have an informant make two controlled purchases of methamphetamine from the defendant, James Laughton, while under surveillance. 409 F.3d at 746. The controlled purchases took place at Laughton's residence. Id. After the second purchase, an officer filed an affidavit in an application for a warrant to search the residence. The affidavit stated that the informant had made two controlled purchases that were observed by the affiant, but it did not state where the purchases took place. Id. The affidavit also stated as follows:

> Through the course of this investigation your Affiant has learned that James Howard Laughton will keep controlled substances/drugs in the crotch area of his pants and in his pants pockets. Further that there are various stashes around the home.
> This CI is believed to be credible and reliable by the Affiant due to the fact that the CI has provided reliable information in the past which was corroborated by Affiant. CI has provided information that there is more controlled substances located at or in the residence or located on the person of James Howard Laughton due to the fact that he has observed these controlled substances.

Id. at 747.

Officers obtained a warrant based on the affidavit and seized narcotics, firearms, and other evidence during the search of Laughton's residence. Laughton moved to suppress the evidence on the basis that the warrant was not supported by probable cause. The district court denied that motion, finding that although the affidavit did not demonstrate probable cause, the warrant was executed in reasonable reliance on its issuance and the evidence was therefore admissible under the good faith exception to the exclusionary rule. Id.

On appeal, the Sixth Circuit reversed the decision of the district court on the basis that the affidavit was so lacking in indicia of probable cause as to render reliance on the warrant unreasonable. Id. at 751. Specifically, the court found that the warrant affidavit "failed to make

3

any connection between the residence to be searched and the facts of criminal activity that the officer set out in his affidavit. That affidavit also failed to indicate any connection between the defendant and the address given or between the defendant and any of the criminal activity that occurred there." Id. at 747. In finding as such, the court noted the following deficiencies in the affidavit: (1) the affidavit neither stated where the confidential informant had made the controlled purchases or that the confidential informant had made the purchases from Laughton; and (2) "the statement that the confidential informant had observed 'controlled substances at or in the residence or located on the person of James Howard Laughton' does not indicate where that residence was or when these observations were made." Id. at 751. The court also noted, in distinguishing Laughton from other cases in which the Sixth Circuit found the good faith exception applicable where the affidavits in question failed to adequately describe the nexus between the criminal activity and place to be searched that "in each of the other cases . . ., the issuing magistrate – as well as the reviewing court – was able to identify in the averring officer's affidavit some connection, regardless of how remote it may have been, between the criminal activity at issue and the place to be searched." Id. at 750.

The instant case is distinguishable from Laughton because the warrant affidavit in the instant case explicitly linked the alleged criminal activity to 889 North Hill Lane, the residence for which the officers sought a search warrant. The affidavit states, for example, that after officers observed two men purchase inositol from a GNC, the officers followed Hopewell to 889 North Hill Lane and observed one of the men carry the GNC bag inside the residence. (Gov't Ex. 3A at 2.) The affidavit then describes the activity that the agents observed occur at 889 North Hill Lane while conducting surveillance of the residence. (Id.) Finally, the affidavit

4

describes that Hopewell, and three other men, were pulled over after leaving 889 North Hill Lane together in a single vehicle. (Id.) Viewing these statements together with the other evidence in the affidavit, the Court finds that there was at least "some connection, regardless of how remote it may have been, between the criminal activity at issue and the place to be searched." See Laughton, 409 F.3d at 750.

As the Court has identified no basis to reconsider its Order Granting in Part and Denying in Part Defendant's Amended Motion to Suppress (doc. 60), the Court **DENIES** Defendant Joseph Hopewell's Motion for Reconsideration (doc. 68).

IT IS SO ORDERED.

                                          ___s/Susan J. Dlott_____
                                          Chief Judge Susan J. Dlott
                                          United States District Judge