IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America | : | Case No. 1:08-cr-065 |
| | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER |
| Joseph Hopewell, | : | |
| | : | |
| Defendant. | : | |

This matter comes before the Court on Defendant Joseph Hopewell's pro se Motion to Reconsider Amended Motion for <u>Franks</u> Hearing (doc. 82) and pro se Response to Court's Order Granting in Part and Denying in Part Defendant's Motion to Suppress (doc. 84), which the Court construes and refers to hereinafter as a motion for reconsideration. The Government objects to both motions (docs. 86, 87). The facts pertinent to both motions are described in detail in the Court's Order Granting in Part and Denying in Part Defendant's Motion to Suppress (doc. 60). For the reasons discussed below, the Court **DENIES** both of Defendant's motions.

I.  **FRANKS** **HEARING**

In his pro se Motion to Reconsider Amended Motion for <u>Franks</u> Hearing, Defendant argues that the affidavit submitted in support of the search warrant obtained in this case contained a number of false statements, and that the affiant, Hamilton County Sheriff's Department Regional Narcotics Unit ("RENU") Agent William Crock, either knew the statements were false or made the statements in reckless disregard for the truth. The Court held a hearing on July 30, 2009, during which Defendant was permitted to argue the merits of his

motion. The Court has fully considered the arguments of Defendant and the Government on this matter.

Under Franks v. Delaware, 438 U.S. 154 (1978), a party may challenge the veracity of a search warrant affidavit only upon a substantial preliminary showing that a false statement was included knowingly and intentionally or with reckless disregard for its truth and that the allegedly false statement was necessary for a finding of probable cause. See also United States v. Stuart, 507 F.3d 391, 396 (6th Cir. 2007) (construing Franks). The Court has reviewed Defendant's motion and the transcript of the October 29, 2008 hearing on Defendant's motion to suppress, during which Agent Crock and a number of other RENU agents testified. Based on its review, the Court finds Defendant Hopewell failed to make the substantial preliminary showing necessary to warrant a Franks hearing. There is simply nothing to suggest that the few false statements included in the affidavit were made either knowingly and intentionally or with a reckless disregard for the truth. To the contrary, the evidence demonstrates that the statements resulted from either a mistake in recording information on the part of Agent Crock or a miscommunication on the part of other agents who relayed information to him.[1] As noted in the Court's Order Granting in Part and Denying in Part Defendant's Motion to Suppress:

> At the time that Agent Crock was documenting information for the Affidavit, he was the only person in the RENU office. As a result, he was responsible not only

---

[1] See United States v. Robinson, 272 F. App'x 421, 426 (6th Cir. 2007) ("Mere inadvertence or negligence in making erroneous statements is insufficient to require exclusion." (citing United States v. Elkins, 300 F.3d 638, 649 (6th Cir. 2002))).

> for monitoring the radio and phones for any new information related to the investigation, but also for running queries on the RENU database and additional computer-based research for the field agents. At the suppression hearing, Agent Crock testified that "[i]t was probably pretty hectic in that office" and as a result he missed some information that the agents transmitted.

(Doc. 60 at 31 n. 19.) Defendant's Motion to Reconsider Amended Motion for Franks Hearing is therefore **DENIED**.

## II.     MOTION FOR RECONSIDERATION

In his motion for reconsideration, Defendant requests that this Court reconsider its Order Granting in Part and Denying in Part Defendant's Motion to Suppress. This is Defendant's second motion for reconsideration of the Court's Order. Upon review of Defendant's motion, the Court finds no basis to alter its original decision on Defendant's motion to suppress.

During oral argument on his motion for a Franks hearing, Defendant relied on an Ohio case from the First District Court of Appeals, Hamilton County, Ohio, another case involving an inositol purchase in which Agent Crock was the affiant on the warrant affidavit. Ohio v. Hampton, C-080187, 2008 WL 5046808 (Ohio Ct. App. Nov. 26, 2008). Hopewell relies on this case for the premise that the good faith exception to the warrant requirement should not apply where officers base probable cause on the purchase of inositol. See id. at *4. Though Hampton is not relevant to Hopewell's motion for a Franks hearing, the Court considers it in connection with Hopewell's motion for reconsideration.

In Hampton, Agent Crock submitted an affidavit in support of a warrant to search Hampton's residence. The affidavit, in addition to describing Agent Crock's background, stated that a reliable confidential informant informed law enforcement that Hampton had purchased sixteen ounces of inositol at a particular store, and that police officers had seen Hampton and a

3

female companion enter the same store and leave carrying a white bag, which Hampton placed in the trunk of his car. Id. at *1. The affidavit then described Agent Crock's knowledge of and past experience with the use of inositol as a cutting agent for cocaine. Id. A judge issued a warrant based on that affidavit and a search of Hampton's residence produced 597 grams of cocaine, a gun, and a scale. Id. Hampton subsequently moved to suppress the evidence seized during the search and introduced evidence of a number of legal uses of inositol and of the variation in dosages required for those legal uses. Id. at *1-2. The trial court denied Hampton's motion, holding that the warrant was not supported by probable cause, but that the police officers' reliance on the warrant was reasonable and the United States v. Leon[2] good-faith exception to the exclusionary rule applied. Id. at *2.

In a decision dated November 26, 2008, the First District Court of Appeals, Hamilton County, Ohio affirmed the trial court's decision as to the search warrant. However, the court noted that although it found the good faith exception applied in Hampton, the court noted that "now that the police are on notice of the number of legal uses of inositol and variations in dosages, the good faith exception will not apply in the future." Id. at *4.

Hopewell argues that based on Hampton, the officers in the instant case were not entitled to rely in good faith on the warrant to search Hopewell's residence. For several reasons, the Court finds that Hopewell's argument is not well-taken. First, the Court is not bound by the decisions of Ohio appellate courts on matter such as this. Second, even if this Court were to view Hampton as persuasive, the Hampton opinion was issued approximately seven months after Hopewell's residence was searched. Therefore, at the time of the search, the officers were not on

---

[2] 468 U.S. 897 (1984).

notice that they could not reasonably rely on the search warrant. Finally, Hampton is distinguishable from the instant case. Aside from facts related to the purchase of the inositol, the affidavit in this case contained a number of additional facts pertinent to the probable cause determination. Though this Court expressed doubt as to whether those facts ultimately were sufficient to establish probable cause, the Court found that the affidavit was not so lacking in indicia of probable cause as to render the good faith exception inapplicable. The Ohio Appellate Court's decision in Hampton does not alter this Court's opinion. Accordingly, Defendant's motion is **DENIED**.

## III. CONCLUSION

For the reasons stated above, Defendant Joseph Hopewell's pro se Motion to Reconsider Amended Motion for Franks Hearing (doc. 82) and pro se Response to Court's Order Granting in Part and Denying in Part Defendant's Motion to Suppress (doc. 84) are **DENIED**.

IT IS SO ORDERED.

         s/Susan J. Dlott       
      Chief Judge Susan J. Dlott
      United States District Court